UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MANGOLIA COOPER, )
)
Petitioner, )
)
v. ) No. 4:19-cv-1790-JAR
)
LAURENT JAVOIS, )
)
Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Mangolia Cooper's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and her motion for leave to proceed in forma pauperis. Having considered the motion and the financial information provided therein, the Court has determined to grant petitioner leave to proceed in forma pauperis. Additionally, the Court will dismiss the petition, without prejudice.

### The Petition

In the petition and in the motion for leave to proceed in forma pauperis, petitioner avers she is presently confined at the St. Louis Psychiatric Rehabilitation Center. Petitioner names Laurent Javois, the Regional Executive Officer of the Missouri Department of Mental Health, as respondent.

The following information is drawn from the instant petition. In 1982, petitioner was charged with flourishing a deadly weapon. She entered a plea of not guilty by reason of insanity ("NGRI"). She sought no review of that judgment, and she does not aver that she has filed an application pursuant to Mo. Rev. Stat. § 552.040.

Petitioner asserts three grounds for relief, and specifically,

1. Can my lawyer sign me to jail

2. Can Court hold petitioner for life in prison

3. Supreme Court Rule (91) don't allow

(ECF No. 1 at 4, 6, 7). In support of Ground One, petitioner writes: "The NGRI plea is a life sentence when the petitioner is unaware." *Id.* at 4. Petitioner avers she did not exhaust her state remedies on Ground One because "[t]he Court had a hearing without petitioner where the Supreme Court issued its order to allow petitioner a six month hearing twice a year." *Id.* In support of Ground Two, petitioner writes: "police say petitioner flourished a dangerous weapon – untrue." *Id.* at 6. Petitioner avers she did not exhaust her state remedies on Ground Two because "[t]he Supreme Court changed the law from 1 year to a different of when petitioner came to court every six month." *Id.* In support of Ground Three, petitioner writes: "Trial and probate court to accept a NGRI plea." *Id.* at 7. Petitioner does not state what relief she seeks from this Court.

## Discussion

Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts provides that a district court must summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. According to 28 U.S.C. § 2254(b)(1)(A), habeas relief may not be granted on behalf of a person in state custody pursuant to a State court judgment unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009), *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991).

2

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus." *Kolocotronis*, 925 F.2d at 279 (internal citation omitted). "Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals, and if unsuccessful there, apply for transfer to the Missouri Supreme Court." *Id.* (internal citation omitted). "This process must be completely followed once to exhaust state remedies." *Id.*

Here, petitioner does not allege, nor does independent inquiry reveal, that she has applied for release under section 552.040. The Court therefore concludes that petitioner has failed to exhaust the remedies available in the courts of the State. Accordingly, habeas relief may not be granted on petitioner's behalf, and this Court must therefore dismiss the petition. Additionally, to the extent petitioner can be understood to challenge the 1982 state court judgment, the petition is untimely because it was filed more than three decades after the expiration of the applicable limitations period. *See* 28 U.S.C. § 2244(d)(1).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

3

**IT IS HEREBY ORDERED** that petitioner Mangolia Cooper's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner Mangolia Cooper's petition for writ of habeas corpus is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 19th day of December, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE